**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

A.L., a minor child, by and through
her natural mother and next friend,
MARY JEAN LeBLANC,

    Plaintiff,

vs.                                              CASE NO. 3:09-cv-1240-J-32TEM

STATE OF FLORIDA, DEPARTMENT
OF CHILDREN AND FAMILIES,
PARTNERSHIP FOR STRONG FAMILIES,
INC., a Florida non-profit corporation,
JENNIFER CRAPSE, an individual, PAULA
ALLEN, an individual, and TRICIA WESTLAND,
an individual,

    Defendants.
_____

## **ORDER TO STRIKE**

This matter is before the Court on Defendant Partnership for Strong Families, Inc.'s ("Defendant") motion to strike portions of Plaintiff's first amended complaint (Doc. #9, Motion; *see also* Doc. #3, Amended Complaint) and the supplement thereto (Doc. #12). For the reasons stated herein, the Motion shall be granted.

Rule 12(f) of the Federal Rules of Civil Procedure provides that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). In the Motion (Doc. #9), Defendant notes two aspects of Plaintiff's Amended Complaint (Doc. #3) that it maintains should be stricken as being impertinent (Doc. #9 at 2). Said portions are as follows: (1) Plaintiff, in the Amended Complaint, apparently incorrectly states that the individually named defendants were, at all times relevant to the cause of action, employees of Defendant Partnership for Strong Families, Inc. when in fact

they were not;[1] and (2) Plaintiff apparently impermissibly seeks prejudgment interest from Defendant in the underlying tort action (*see* Doc. #9 at 1-2).[2]  As the aforementioned matters appear to be impertinent, and since no opposition to the Motion has been filed, the instant motion to strike shall be granted.

A an additional matter, although no response in opposition to the Motion was ever filed, on May 11, 2010, Plaintiff filed a document entitled "Second Amended Complaint" (Doc. #19).  Presumably this document was filed in order to correct the deficiencies noted in the instant motion.  This document, however, fails to comport with the requirements of either the Federal Rules of Civil Procedure or the Local Rules of the Middle District of Florida.  To illustrate, even though a party may generally amend its pleading once as a matter of course, a party may amend its pleading a second time only by leave of court or by written consent of the adverse party.  FED.R.CIV.P. 15(a).

As neither leave of Court, nor consent of the adverse parties was obtained by Plaintiff prior to filing the Second Amended Complaint (Doc. #19), the document shall be stricken from the record.  Plaintiff, of course, is free to re-file the document in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Based on the foregoing, it is hereby **ORDERED**:

1. Defendant Partnership for Strong Families, Inc.'s motion to strike portions of Plaintiff's first amended complaint (Doc. #9) is **GRANTED**.

---

[1] At all times relevant to the cause, the individually named defendants were apparently employed by a non-party, the Devereux Foundation, Inc. (*see* Doc. #9 at 1-6).

[2] Defendant cites case law which stands for the proposition that, in Florida, prejudgment interest is unavailable in tort actions.  *See Brown v. Seebach, III*, 763 F. Supp. 574, 584 (S.D. Fla. 1991).

2. The portion(s) of the Amended Complaint that assert that the individually named defendants were employees of Defendant Partnership for Strong Families, Inc. shall be **stricken**.

3. Plaintiff's claim for prejudgment interest from Defendant Partnership for Strong Families, Inc. shall be **stricken**.

4. Plaintiff's Second Amended Complaint (Doc. #19) shall be **stricken without prejudice** to re-file in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**DONE AND ORDERED** at Jacksonville, Florida this  13th  day of May, 2010.

Copies to:
All Counsel of Record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge